UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ANTWIONNE A. FUQUA,

                    *Plaintiff*,

   – against –

FBI, CIA CENTRAL INTELLIGENCE,
BIOETHICS COMMITTEE, DOD,
PRESIDENT PETE HEGSETH, D.O.J.,
PRESIDENT PAM BONDI, JOHN JAY
"HOLD", DEPARTMENT OF ENERGY,
CHRIS WRIGHT, PRESIDENT OF THE
UNITED STATES, TRUMP, RUSSIAN
PRESIDENT, VLADIMIR PUTTIN,
AMERICAN BAR ASSOCIATION,
MICHELLE A. BEHNKE, PRESIDENT
ISAAC HERZOG,

                    *Defendants*.

**MEMORANDUM & ORDER**
26-cv-01867 (NCM) (PCG)

---

**NATASHA C. MERLE**, United States District Judge:

On March 30, 2026, pro se plaintiff Antwionne A. Fuqua filed this action pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"). *See generally* Compl., ECF No. 1. Plaintiff's request to proceed in forma pauperis ("IFP") is granted. *See* Mot. for Leave to Proceed IFP, ECF No. 2. For the reasons discussed below, the Court dismisses plaintiff's complaint without prejudice and grants plaintiff leave to file an amended complaint within thirty (30) days.

## BACKGROUND

Plaintiff asserts that he has been stalked and surveilled and that his mind was programmed. Compl. 9.[1] He further claims that that from 2009 to the present, "[t]here [were] voice to skull transmission, about how these perpetrators [are] using direct energy weapons on you with satanic mafia blood and fraternal and masonic mercenaries." Compl. 15. Plaintiff additionally alleges that he was subject to radiation and sensory deprivation. Compl. 18. He seeks, among other relief, to have his implants removed. Compl. 11.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[2] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Because plaintiff is pro se, the Court holds plaintiff's pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must also provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal,* 556 U.S. at 678 ("[Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A

---

[1] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

[2] Throughout this opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

2

pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* To satisfy this standard, a complaint must, at a minimum "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (quoting *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000)).

Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss an action filed *in forma pauperis* by a non-prisoner if the court determines that the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."

## DISCUSSION

Plaintiff's complaint must be dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). "An action is frivolous if it lacks an arguable basis in law or fact—*i.e.*, where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'" *Scanlon v. Vermont*, 423 F. App'x 78, 79 (2d Cir. 2011) (summary order) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)); *see also Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."). Even construing plaintiff's complaint liberally, the Court does not find that it contains credible factual allegations or a plausible legal claim. Accordingly, the Court dismisses the complaint sua sponte. *See Cavienss v. Alibaba Grp. All Major Vaping Co.,* No. 25-cv-04636, 2025 WL 3159243, at *2 (E.D.N.Y. Nov. 12, 2025); *Taylor v.*

3

*Securus Techs., Inc.*, 25-cv-01416, 2025 WL 1181713, at *2 (E.D.N.Y. Apr. 23, 2025);

*Lewis v. United States*, 24-cv-02503, 2024 WL 1577930, at *2 (E.D.N.Y. Apr. 11, 2024).

## CONCLUSION

For the reasons set forth above, plaintiff's complaint is dismissed without prejudice. The Court finds under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Court grants plaintiff leave to file an amended complaint within thirty (30) days of this Order. If plaintiff chooses to file an amended complaint, the submission should be labeled "Amended Complaint" and include the full docket number: 26-cv-01867. To the extent plaintiff requires assistance preparing an amended complaint, plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729 or FedProEDNY@nycbar.org to make an appointment for free, confidential, limited-scope legal assistance at the Brooklyn Federal Courthouse.

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to plaintiff and note the mailing on the docket.

If plaintiff does not file a second amended complaint within thirty (30) days or fails to request an extension of time to do so, the Clerk of Court shall be directed to enter judgment and close the case.

**SO ORDERED.**

                 */s/ Natasha C. Merle*
                 NATASHA C. MERLE
                 United States District Judge

Dated:   May 11, 2026
      Brooklyn, New York